# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:90-cr-00231-MR-WCM-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THOMAS FLOYD LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion for Reduction of Sentence Per the First Step Act of 2018" [Doc. 63].

## I.  BACKGROUND

On September 13, 1991, a jury found the Defendant guilty of one count of conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base; thirteen counts of possession with intent to distribute cocaine, and aiding and abetting the same; twelve counts of distributing cocaine, and aiding and abetting the same; one count of possession with intent to distribute cocaine base, and aiding and abetting the same; and one count distribute cocaine base, and aiding and abetting the same. [See Doc. 13-1: Judgment]. In the Presentence Report ("PSR"), the probation officer found

that the Defendant was responsible for a total of 97 kilograms of cocaine and 198.45 of cocaine base.  At sentencing, the Court found that the Defendant had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2.  [Id.; Doc. 63: PSR].  Based on the career-offender enhancement, the Defendant faced a guidelines range of 360 months to life.  [Doc. 13-1: Judgment; Doc. 63: PSR].  On December 10, 1991, the Court imposed a sentence of 360 months' imprisonment.  [Doc. 13-1: Judgment].  Judgment was affirmed on appeal.  See United States v. Fletcher, 993 F.2d 1540, 1993 WL 149916 (4th Cir. 1993) (unpublished table decision).

The Defendant now moves for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  [Doc. 63].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect.  Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841.  Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams."  Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C.

§ 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

Here, the Defendant is not eligible for relief under the First Step Act. The Defendant's offense level was based upon 97 kilograms of cocaine and 198.45 grams of cocaine base. The statutory penalties for this quantity of cocaine were not impacted by the Fair Sentencing Act of 2010. Further, the Defendant's offense was based upon his classification as a career offender. As such, there is no change in the guideline calculation as a result of the

3

First Step Act of 2018. Accordingly, the Defendant's motion for a reduced sentence is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Per the First Step Act of 2018" [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 16, 2020

Martin Reidinger
United States District Judge