# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:90-cr-00231-MR-WCM-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THOMAS FLOYD LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for further consideration of the Defendant's "Motion for Reduction of Sentence Per the First Step Act of 2018" [Doc. 63].

## I.     BACKGROUND

On September 13, 1991, a jury found the Defendant guilty of one count of conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base; thirteen counts of possession with intent to distribute cocaine, and aiding and abetting the same; twelve counts of distributing cocaine, and aiding and abetting the same; one count of possession with intent to distribute cocaine base, and aiding and abetting the same; and one count

distribute cocaine base, and aiding and abetting the same. [See Doc. 13-1: Judgment]. In the Presentence Report ("PSR"), the probation officer found that the Defendant was responsible for a total of 97 kilograms of cocaine and 198.45 grams of cocaine base. At sentencing, the Court found that the Defendant had at least two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2. [Doc. 13-1: Judgment at 4; Doc. 62: PSR at ¶ 45]. Based on the career-offender enhancement, the Defendant faced a guidelines range of 360 months to life. [Doc. 13-1: Judgment at 4; Doc. 62: PSR]. On December 10, 1991, the Court imposed a sentence of 360 months' imprisonment. [Doc. 13-1: Judgment]. The Judgment was affirmed on appeal. See United States v. Fletcher, 993 F.2d 1540, 1993 WL 149916 (4th Cir. 1993) (unpublished table decision).

In May 2019, the Defendant filed a *pro se* motion for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Doc. 63]. The Court denied the Defendant's motion, concluding that the Defendant was not eligible for relief because the statutory penalties for the quantities of controlled substances for which the Defendant was convicted "were not impacted by the Fair Sentencing Act of 2010." [Doc. 65 at 3]. Additionally, the Court concluded that his guidelines calculation "was based upon his classification of a career offender." [Id.].

The Defendant appealed, arguing that he is entitled to First Step Act relief and that his career offender designation is no longer valid in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). On August 25, 2020, the Court of Appeals vacated the Court's Order and remanded the case for further consideration of the Defendant's motion in light of two intervening published appellate opinions: United States v. Chambers, 956 F.3d 667, 668 (4th Cir. 2020) (holding that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing"), reh'g denied (July 8, 2020), and United States v. Gravatt, 953 F.3d 258, 263-64 (4th Cir. 2020) (holding that a defendant is convicted of a "covered offense" under the First Step Act "where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine").

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C.

§ 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See Gravatt, 953 F.3d at 263-64. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Further, the Defendant's sentence has not been

previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Having determined that the Defendant is eligible for relief under the First Step Act, the Court must next determine whether in its discretion any such relief should be afforded and, if so, to what extent. See United States v. Wirsing, 943 F.3d 175, 180 (4th Cir. 2020); First Step Act § 404(b), 132 Stat at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Based on the Fourth Circuit's remand, the Court in exercising this discretion is first called upon to consider the applicability of the Fourth Circuit's decision in United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), reh'g denied (July 8, 2020). In that case, this Court held that Chambers was eligible for a reduction under the First Step Act but denied a reduction in his term of imprisonment, finding that Chambers would have still have been designated as a career offender and thus would have received the same sentence under the Fair Sentencing Act. United States v. Chambers, No. 3:03-cr-00131, 2019 WL 3072641, at *2 (W.D.N.C. July 12, 2019). The Court further declined to reduce the defendant's term of imprisonment upon consideration of the relevant § 3553(a) factors, including the defendant's

5

"history and characteristics" and the "need for deterrence and to protect the public." Id. at *3.

On appeal, the Court of Appeals held that in calculating Chambers's applicable Guidelines range, this Court erred in failing to consider "intervening case law"—namely, United States v. Simmons, 649 F.3d 237, 243 (4th Cir. 2011) (en banc)—which retroactively rendered the application of the career offender enhancement erroneous. Chambers, 956 F.3d at 668 ("we now hold that any Guidelines error deemed retroactive, such as the error in this case, must be corrected in a First Step Act resentencing").

Additionally, the Court of Appeals found that "[t]he record in this case strongly suggests that the district court did not believe that it had authority either to vary from the Guidelines or to consider Chambers's mitigating evidence." Id. at 675. To the extent that this Court "believed it either could not vary or could not consider post-sentencing conduct under the § 3553(a) factors," the Court of Appeals concluded that this Court erred. Id. The Court of Appeals, therefore, concluded that a district court "*may* consider post-sentencing conduct within the First Step Act framework." Id. (emphasis added). In light of the particular circumstances of the case, however, including the fact that Chambers faced a statutory minimum in excess of the corrected Guidelines range, the appellate court specifically declined to

6

address whether this Court "*must* consider post-sentencing evidence at this time." Id. at 675 n.4 (emphasis in original).

Notably, the present case does not present an opportunity to apply the primary holding of Chambers, that is, whether Simmons retroactively renders the application of the career offender enhancement erroneous. The Defendant's qualifying convictions preceded the enactment of North Carolina's Structured Sentencing Act, and thus, Simmons is not applicable to the Defendant's case. See United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011). Here, the Defendant had a 1983 conviction for assault with a deadly weapon inflicting serious injury, for which the Defendant received a term of five years' imprisonment, and a 1989 conviction for possession with intent to sell and deliver, which was a Class I felony punishable by a presumptive term of two years and a maximum term of five years. Accordingly, both convictions qualify as proper predicates for his career offender enhancement.

In his briefing on appeal, the Defendant argued that his career offender enhancement was erroneous in light of the Supreme Court's decision in Johnson. See United States v. Littlejohn, No. 20-6205, Doc. 6 at 2 (4th Cir.) (appellant's informal opening brief). This argument, however, is foreclosed by Beckles v. United States, in which the Supreme Court held that the

7

Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. 137 S. Ct. 886, 890 (2017).

In sum, the Court concludes that there is no intervening case law which renders the Defendant's career offender designation erroneous.

The Court now turns to the second part of the holding in <u>Chambers</u>, namely, that in considering whether to grant First Step relief, the Court may consider any mitigating evidence presented by the Defendant, including any post-sentencing rehabilitation. <u>Chambers</u>, 956 F.3d at 675. On this point, the Defendant has not presented any mitigating evidence for the Court's consideration. A supplemental Presentence Report filed with the Court in September 2020 indicates that the Defendant has participated in a number of educational programs and work assignments while incarcerated, including: Resume Writing; Big Man Cardio; Intermediate Spin; Change Management; Positive Attitude; Critical Thinking; Health Fair; Infectious Disease Prevention; Fractions; Newsroom; Political Science; House of Healing; Work Experience; Promotion and Marketing; Yoga; Go Green; Basic Stock Principals; Chess; Job Fair Interview; Job Fair Information; Employability Skills; Safety; Core Certification; Counselors Group; Drama; ELL Orientation; Introduction to Yoga; Fitness; Anatomy/Kinesiology; Victim Impact Panel Group; Recreation Orderly; Unit Orderly; Dining Room;

8

Stadium Orderly; Yard; Ground Maintenance; Health Services; Corridor Orderly; Kitchen; Paint Shop; Battle Dress Uniform Maintenance; Assembly; and Construction Detail. [Doc. 74 at 3]. The supplemental Presentence Report also notes, however, that the Defendant has had a number of significant disciplinary infractions, including possessing an authorized item; fighting; possessing a hazardous tool and refusing to obey an order; giving/accepting money without authorization; possessing drugs/alcohol; and multiple counts of phone abuse-disrupting monitoring. [Id.]. In light of these serious infractions, the Defendant's post-sentencing conduct does not militate in favor of a sentence reduction in this case.

As the Court noted in its initial Order denying a sentence reduction [Doc. 65], the breadth of the Defendant's offense conduct cannot be ignored. The Defendant's offense level was based upon his responsibility for 97 kilograms of cocaine and 198.45 grams of cocaine base. Given the enormous quantities of powder cocaine involved in his offense, it appears to the Court that it is not speculative to deduce that the Defendant would still have been prosecuted pursuant to § 841(b)(1)(A), even if the provisions of the Fair Sentencing Act of 2010 had been in place.

In light of all these circumstances, the Court concludes that any reduction of the Defendant's sentence would not reflect the seriousness of

9

the offense, promote respect for the law, or provide just punishment. Accordingly, in the exercise of its discretion, the Court denied the Defendant's request for relief under the First Step Act.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Per the First Step Act of 2018" [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 28, 2020

Martin Reidinger
Chief United States District Judge